**Frank A. CARTER, Jr., Chief Disciplinary Counsel,**

v.

**John E. FUYAT.**

**No. 90–150–M.P.**

Supreme Court of Rhode Island.

March 23, 1990.

Frank A. Carter, Jr., Chief Disciplinary Counsel, pro se.

Lewis Aloise, for defendant.

## OPINION

**PER CURIAM.**

This matter is before the Supreme Court on the petition of the Chief Disciplinary Counsel filed pursuant to Supreme Court Rule 42–13(b).[1] On December 22, 1989, a complaint had been filed against the respondent with the Chief Disciplinary Coun-

sel. Following an investigation, a report was filed with the Disciplinary Board.

Thereafter a petition for disciplinary action against the respondent was filed in the office of the clerk of this Court. The respondent filed a timely answer to the petition.

The thrust of the petition consisted of charges arising out of numerous incidents wherein the respondent solicited attorneys for substantial loans. Some, though not all of these attorneys, were engaged in practice before the respondent in his capacity as a justice of the Family Court. We regard these activities as inexcusable. We wish to express emphatically our condemnation of the respondent's acts and our unequivocal opinion that any such practices by a judicial officer bring discredit upon the officer and the entire judicial system. The respondent resigned from his judicial office January 1, 1990. The instant petition was directed to respondent in his capacity as a member of the bar.

On March 5, 1990, respondent, through counsel, filed with the Disciplinary Board his affidavit in which he consented to disbarment. The Disciplinary Counsel then filed the affidavit and consent to disbarment with this court. Under the provisions of Rule 42–13(b) this court must enter an order of disbarment.

In entering the order we would point out that the affidavit and consent to disbarment filed by the respondent have the same effect as a plea of nolo contendere entered by a defendant charged with a criminal offense. It constitutes an admission that

---

1. Supreme Court Rule 42–13—Consent to disbarment. (a) An attorney who is subject to an investigation into allegations of misconduct on the attorney's part may consent to disbarment, but only by delivering to the [Disciplinary] Board an affidavit stating that the attorney desires to resign and that:

    (1) the attorney's consent is freely and voluntarily rendered; the attorney is not being subjected to coercion or duress; the attorney is fully aware of the implications of submitting his or her consent;

    (2) the attorney is aware that there is a presently pending investigation into the allegations that the attorney has been guilty of misconduct the nature of which the attorney shall specifically set forth;

    (3) the attorney acknowledges that the material facts upon which the complaint is predicated are true or the attorney submits his or her consent because the attorney believes that if charges were predicated upon the misconduct under investigation the attorney could not successfully defend himself or herself against them.

    (b) Upon receipt of the required affidavit, the Board shall file it with this court and this court shall enter an order disbarring the attorney on consent.

    (c) The order disbarring the attorney on consent shall be a matter of public record. However, the affidavit required under the provisions of (a) above shall not be publically disclosed or made available for use in any other proceeding except upon order of this court.

the respondent did, in fact, engage in the conduct of which he was accused.

The petition is granted and an order of disbarment will be entered based on respondent's consent to disbarment.

### ORDER

Under the provisions of Supreme Court Rule 42–13, the respondent John E. Fuyat is disbarred from the practice of law in this state.