**In the Matter of Thomas C. HUTTON.**

**No. 92–327 M.P.**

Supreme Court of Rhode Island.

June 18, 1992.

## ORDER

The Respondent was suspended from the practice of law on July 22, 1991, pending further investigation by the Disciplinary Counsel. On June 4, 1992, pursuant to our Rule 42–13, Respondent filed an affidavit with this Court's Disciplinary Board setting forth that he is aware that he is the subject of allegations that he has misappropriated clients' funds. Respondent's affidavit further sets forth that he fully and voluntarily consents to disbarment and that he is aware of the implications of submitting his consent to disbarment.

In *Carter v. Fuyat*, 571 A.2d 1126 (R.I. 1990), we pointed out that "the affidavit and consent to disbarment filed by the Respondent have the same effect as a plea of *nolo contendere* entered by a defendant charged with a criminal offense. It constitutes an admission that the Respondent did, in fact, engage in the conduct of which he was accused."

Upon review of the Respondent's affidavit and consent to disbarment, we deem such an order appropriate.

Accordingly, pursuant to Supreme Court Rule 42–13, it is hereby ordered that the Respondent, Thomas C. Hutton, be and he is hereby disbarred on consent from engaging in the practice of law.

Entered as an order of this Court this 18th day of June, 1992.